IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOMMY MAY,

        Petitioner,

    v.                        CASE NO. 13-3163-SAC

J. HEIMGARNER,
et al.,

        Respondents.

## MEMORANDUM AND ORDER

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate currently confined at the Ellsworth Correctional Facility, Ellsworth, Kansas. Mr. May has submitted a motion to proceed in forma pauperis with financial information in support that indicates it should be granted. In 1984, Mr. May was found guilty by a jury in the District Court of Sedgwick County, Kansas, of two counts of Aggravated Robbery. He was sentenced to prison terms of 10 to 20 years and 15 years to life. His convictions and sentences were affirmed on direct appeal by the Kansas Supreme Court. Having examined the materials filed, the court finds deficiencies in the petition. Mr. May is given time to cure these deficiencies. If he fails to do so within the prescribed time, this action may be dismissed without further notice.

## FAILURE TO SHOW EXHAUSTION OF STATE REMEDIES

A habeas petitioner has the burden to show that he exhausted all remedies available in the state prior to filing an action in federal court. Mr. May does not provide any information regarding his exhaustion of prison administrative remedies or state court remedies. It is well-settled that before a state prisoner may seek habeas relief in federal court, he must have properly presented all his claims by way of the KDOC prison grievance procedures. Mr. May is required to show that he has fully exhausted administrative remedies by providing either copies or summaries of his grievances raising these particular claims on each level together with the administrative responses.

It is equally well-settled that before a state prisoner may proceed in federal court on challenges to his parole eligibility date and sentence calculations by state authorities, he must have fully presented his claims to the appropriate state courts and ultimately to the Kansas Supreme Court. It plainly appears that Mr. May has not exhausted state court remedies on his claims. Instead, he presented his claims of miscalculations to a state district court that lacked jurisdiction, and they were dismissed on that basis. *See State v. May*, 296 P.3d 1140, 2013 WL 1010580, *2 (Kan.App. Mar. 8, 2013). Presenting claims to a state court that has no jurisdiction does not satisfy the exhaustion prerequisite. Petitioner alleges no facts to show that any of his other claims, including alleged double jeopardy, federal due process, and ex post facto violations

2

have been presented in the courts of the state.

**FAILURE TO STATE SUFFICIENT FACTS IN SUPPORT**

28 U.S.C. § 2241(c)(3) pertinently provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States . . . ." Petitioner generally states that he is challenging parole and loss of good-time credits; however, he does not provide sufficient facts in support to show that his claim is one of federal constitutional violation. Petitioner has the burden of alleging sufficient facts to support his claim that his detention is unlawful.

Petitioner makes at least three claims under Ground (1). First, he claims that the KDOC failed to calculate his parole eligibility date based "solely on the basis of the mandatory sentence." He alleges that the "court imposed a 10 to 20 mandatory term" and a 15-to-Life term to be served concurrently. Then, with no explanation, he maintains that his parole eligibility date should have been two and one-half years. He asserts that Kansas statutory law required that he become eligible for parole after the mandatory part of his sentence was served. He cites K.S.A. 21-4618 and K.S.A. 22-3717,[1] without specifying which of the several subsections

---

1   K.S.A. 22-3717(b)(3) currently provides:

   Except as provided by K.S.A. 21-4628, prior to its repeal, an inmate sentenced for a class A felony committed before July 1, 1993, including an inmate sentenced pursuant to K.S.A. 21-4168, prior to its repeal

3

applies to his case. He contends that his federal rights to due process and equal protection have been violated as a result of KDOC's failure to follow state law. As noted, petitioner does not provide any dates, such as that of his claimed parole eligibility[2] along with the allegedly incorrect date calculated by KDOC. Mr. May must provide facts including dates and clearly set forth the rationale for his claim that his parole eligibility date has been incorrectly calculated.

Furthermore, even if petitioner alleged sufficient facts to show that state prison or parole authorities violated state law in setting his parole eligibility date or calculating his sentencing credit, a violation of state law without more is not grounds for federal habeas corpus relief. Instead, as noted, petitioner must allege facts establishing the violation of federal constitutional law. His assertions that his due process and equal protection rights have been violated are nothing more than conclusory statements. His claim of double jeopardy is not supported by sufficient facts.

Likewise, petitioner fails to allege facts to support his second claim that his good-time credits were calculated using an incorrect formula. For example, he does not allege the amount of good time

---

. . . shall be eligible for parole after serving the mandatory term of imprisonment without deduction of any good time credits.

2  Given that Mr. May has been in prison since 1984, even a parole eligibility date of ten or fifteen years would have come and gone years ago. KDOC offender information available on-line on KASPER indicates that Mr. May has already been released on parole on these sentences three times: in 1998, 2001 and 2003. Thus, any claim that he was entitled to an earlier parole eligibility date appears to be moot.

4

credits received, the period of time covered, of the amount of credit he believes he should have received. Nor does he describe the formula actually used to calculate his credits along with the formula he believes should have been used. He does not adequately state a claim in federal court by merely making the conclusory allegation that his credits have been miscalculated.[3]

Petitioner's third claim that he has served more time than was imposed by the court due to the way his "journal entry of judgment has been interpreted by the DOC" is also completely conclusory. Again, he fails to provide any dates, figures, or explanation as to how his sentence has been miscalculated based on the journal entry of judgment in his criminal case.[4] His allegation that he has served a sentence that was not imposed by the court is not supported by any dates or other facts. In sum, Mr. May alleges no facts showing that either his sentence or parole eligibility date has been miscalculated.

Mr. May is given time to show full exhaustion of state remedies and to state facts sufficient to support a claim under § 2241. If he fails to do so within the prescribed time, this action may be dismissed without further notice.

---

3   The creation of an administrative record is one of the purposes of requiring exhaustion, and providing pertinent parts of that record to the court is another way to present or substantiate facts in support of a claim.

4   In connection with prior litigation by petitioner in state court the sentencing court was ordered to file a corrected journal entry showing that he had been sentenced to concurrent rather than consecutive terms.

5

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to cure all the deficiencies discussed herein or this action will be dismissed.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2013, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U.S. Senior District Judge**